IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**TORREY LITTLE,**

 Petitioner

v.                      Civil No. **3:20CV863**

**J. ANDREWS, WARDEN,**

 Respondent.

## MEMORANDUM OPINION

Petitioner, a federal inmate proceeding *pro se*, filed a 28 U.S.C. § 2241 petition ("§ 2241 Petition," ECF No. 1). Respondent has moved to dismiss, *inter alia*, on the ground that Petitioner has failed to exhaust his administrative remedies. Petitioner has responded. For the reasons that follow, the Motion to Dismiss (ECF No. 7) will be GRANTED.[1]

### I. Petitioner's Circumstances and His Claim for Relief

Petitioner is serving a 132-month sentence and "has an estimated release date of September 10, 2022, via Good Conduct Time release." (ECF No. 8–1 ¶ 4.) Petitioner contends that he is entitled to relief because "the Federal Bureau of Prisons ('BOP') has failed to apply Petitioner's 'Earned Time' credits for participating in the 'Evidence-Based Recidivism Reduction' program entitled 'Life Connections Program' under the First Step Act, 18 U.S.C. § 3632(d)(4)(A)." (ECF No. 1, at 6.)[2]

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from the parties' submissions.

[2] The First Step Act

initiated a system that allows eligible prisoners to earn time credits for successfully completing "evidence-based recidivism programming. More specifically, a prisoner will earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive

## II. Exhaustion of Administrative Remedies

"Exhaustion is an important doctrine in both administrative and habeas law . . . ." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Prior to seeking judicial relief, an inmate filing a § 2241 Petition must properly exhaust his or her administrative remedies. *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *Woodford*, 548 U.S. at 90, "'so that the agency addresses the issues on the merits.'" *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). An inmate's failure to properly exhaust the administrative grievance process prior to filing his or her habeas petition may warrant dismissal of the petition. *See Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (citation omitted) (internal quotation marks omitted) (noting courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief"). The applicable prison rules "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

---

activities. 18 U.S.C. § 3632(d)(4)(A)(i). In addition, a prisoner, who is determined to be at minimum or low risk of recidivating will earn an additional 5 days of time credits for every 30 days of successful participation if he has not increased his risk of recidivism over two consecutive assessments. 18 U.S.C. § 3632(d)(4)(A)(ii).

*Simpson v. Gomez*, No. 1:19CV68, 2020 WL 8813664, at *10 (N.D.W. Va. Sept. 17, 2020), *R&R adopted*, No. 1:19–CV–68, 2021 WL 320832 (N.D.W. Va. Feb. 1, 2021). The Bureau of Prisons had "until January 15, 2020, to implement the system, complete inmate assessments, and then begin to assign prisoners to appropriate evidence-based recidivism reduction programs." *Id.* (citing 18 U.S.C. § 3621(h)).

2

### III. The BOP's Administrative Remedy Program

The BOP manages an Administrative Remedy Program "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by first attempting to resolve the matter informally. *See* 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate must then submit "a formal written Administrative Remedy Request, on the appropriate form (BP-9)," 28 C.F.R. § 542.14(a), at his place of incarceration. *See* 28 C.F.R. § 542.14(d). "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a).

### IV. Petitioner's Lack of Exhaustion

Petitioner acknowledges that he did not file any grievance regarding his present claim for habeas relief. (ECF No. 1, at 2; ECF No. 5.) Petitioner contends that he should be excused from the exhaustion requirement "because of [the] obvious urgency of [his] application and [the] near certainty that forcing [him] to pursue administrative remedies would" render his case moot. (ECF No. 10, at 6 (citing *Fournier v. Zickefoose*, 620 F. Supp. 2d 313 (D. Conn. 2009).)[3] While courts accept futility as a basis for excusing the exhaustion requirement, "[c]onclusory statements that exhaustion would be futile which are not substantiated with some evidence are not enough to evade the exhaustion requirement." *Woods v. Warden*, No. 7:17CV00358, 2019 WL 489135, at *2 (W.D. Va. Feb. 7, 2019) (citation omitted).

---

[3] In that case, the court waived exhaustion because of "the obvious urgency of her Application and the near certainty that forcing her to pursue administrative remedies will render this case moot." *Fournier*, 620 F. Supp. 2d at 317.

3

Petitioner suggests that exhaustion would be futile because he might not receive the benefits of "the 210 days of earned time credits that he seeks" before his currently scheduled release date if he were required to pursue his claims through the BOP's administrative remedy program. (ECF No. 10, at 11.) Generally, in the context of calculating an inmate's sentence, "[t]he amount of time [it takes to exhaust administrative remedies] is not a justification for excusing the exhaustion requirement." *Blankenship v. Meeks*, No. 11–00443 DAE–KSC, 2011 WL 4527408, at *3 (D. Haw. Sept. 28, 2011) (citing *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *Veloria v. McGraw*, No. 08–00288 SOM/KSC, 2008 WL 2736033 (D. Haw. July 11, 2008)). Moreover, Petitioner's entitlement to additional credits is not so certain and his release date is not so imminent that it would be futile to require him to exhaust his administrative remedies.

Petitioner's release date is currently set for September 10, 2022. (ECF No. 8-1 ¶ 4.) Petitioner is scheduled to be transferred to a residential reentry center ("RRC") in March of 2022. (ECF No. 11, at 10.) If Petitioner were to successfully demonstrate through the administrative process his entitlement to "'Earned Time' credits for participating in the 'Evidence-Based Recidivism Reduction' program entitled 'Life Connections Program' under the First Step Act" (ECF No. 1, at 6), Petitioner would be entitled to have his transfer to a RRC moved forward. (ECF No. 11, at 10.) Petitioner fails to demonstrate that it would futile for him to utilize the BOP's administrative remedy program. Accordingly, "[i]f Petitioner believes that he is entitled to time credits for any programming he completed during his incarceration . . . he must first . . . address[] his request through the BOP administrative grievance process . . . and permit[] the BOP to calculate his entitlement to any time credits." *Simpson*, 2020 WL 8813664, at *10 (N.D.W. Va. Sept. 17, 2020); *see Bowling v. Hudgins*, No. 5:19CV285, 2020 WL

1918248, at *4 (N.D.W. Va. Mar. 16, 2020), *report and recommendation adopted*, No. 5:19–CV–285, 2020 WL 1917490 (N.D.W. Va. Apr. 20, 2020). Accordingly, the Motion to Dismiss (ECF No. 7) will be GRANTED and the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order will accompany this Memorandum Opinion.

/s/

M. Hannah Lauck
United States District Judge

Date: 5-10-21
Richmond, Virginia